IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PIERRE CIDONE,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-07-01889 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **C.O. BLUME,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# **M E M O R A N D U M**

Plaintiff Pierre Cidone ("Cidone"), an inmate currently incarcerated at the Lackawanna County Prison ("LCP") in Scranton, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.) Cidone names the following Defendants: Correctional Officer ("CO") Blume; CO Sedlack; Correctional Care Services; and Captain Kazinetz. In the complaint, Plaintiff asserts that Defendants Blume and Sedlack used excessive force upon him during an altercation in violation of the Eighth Amendment, and Defendants Kazinetz and Correctional Care Services failed to respond to his grievances and treat his injuries, respectively.

Before the court is Defendants' motion for summary judgment. (Doc. 37.) For the reasons set forth below, the motion for summary judgment will be denied.

I.  **Background & Procedural History**

In his complaint, Cidone claims that Defendant Blume "did exchange words, use foul language, punch me, then while handcuffed upon the floor, kick me in the face, cutting my lip." (Doc. 1 at 1.) Cidone asserts that Defendant Sedlack "held me in place" while Defendant Blume abused him. (*Id*. at 1-2.) Further, Cidone asserts that Defendant Correctional Care Services failed to treat his resulting injuries. (*Id*. at 2.) Finally, Cidone claims that Defendant Kazinetz failed to respond to his grievances related to the incident. (*Id*.)

As stated above, Defendants have filed a motion for summary judgment in this case. (Doc. 37.) In order to properly consider this motion, the court will first recount the rather lengthy procedural history. Cidone initiated this action on October 16, 2007. (Doc. 1.) Along with the complaint, Cidone also filed a motion for leave to proceed *in forma pauperis*. (Doc. 4.) On November 26, 2007, the court granted Cidone's motion for leave to proceed *in forma pauperis* and directed service of the complaint on the Defendants named therein. (Doc. 10.)

On December 27, 2007, summons with respect to all Defendants were returned executed. (*See* Doc. 12.) Accordingly, an answer to the complaint was due on or before January 16, 2008. (*Id*.) However, no counsel entered an appearance on behalf of Defendants and no activity occurred in the case until the

court issued an order on June 18, 2008, directing Cidone to indicate within fifteen (15) days of the date of the order whether he still desired to pursue this civil action.[1] (Doc. 15.) On June 26, 2008, Cidone responded, requesting that the case be listed on the next available trial list. (Doc. 16.)

On July 3, 2008, the court issued a case management order directing that discovery be completed by November 3, 2008; dispositive motions and supporting briefs be filed on or before November 18, 2008; and set jury selection and trial date for May 4, 2009. (Doc. 18.) On July 27, 2008, Thomas B. Helbig, Esquire, entered his appearance on behalf of Defendants, (Doc. 19), and thereafter filed an answer to the complaint, (Doc. 20).

On September 2, 2008, during the period of discovery, Cidone filed a request for production of documents, seeking, *inter alia*, prison disciplinary and medical records related to the incident he claimed occurred on September 22, 2007. (Doc. 23.) It is not clear from the record whether Cidone served this request upon Defendants or Attorney Helbig.

On October 23, 2008, the court issued a notice rescheduling the trial for June 9, 2009. (Doc. 24.) No activity occurred in the case for several months. As a result, on March 18, 2009, the court issued an order directing Defendants to

---

[1] Cidone did not enter a request for entry of default as to Defendants.

inform the court within ten (10) days of the date of the order of the procedural posture of the case, including, but not limited to, the status of discovery and the status of any dispositive motions.  (Doc. 26.)

Defendants failed to respond to the court order.  On April 3, 2009, the court issued another order directing Defendants to inform the court of the procedural posture of the case by April 10, 2009.  (Doc. 28.)  Attorney Helbig filed a status report on April 7, 2009, informing the court that he did not have a record of receiving Cidone's discovery request (Doc. 23), but had since obtained a copy of it and planned to respond promptly.  (Doc. 29.)  He stated that no other discovery was pending at that time.  (*Id*.)  He also indicated that he planned to file a dispositive motion on behalf of some or all Defendants within the next twenty (20) days.  (*Id*.)  As a result, the court issued a revised case management order directing that discovery be completed by April 24, 2009; dispositive motions and supporting briefs be filed by May 26, 2009; and indicating that if no dispositive motions are filed by that date, the case will be listed on the next available trial list following the dispositive motions deadline.  (Doc. 30.)

After the period of discovery ended, but before dispositive motions were due, Cidone filed another request for production of documents.  (Doc. 33.)  In that request, Cidone again requested, *inter alia*, the disciplinary and medical reports

related to the incident, which he now claimed occurred on September 27, 2007. (Doc. 33.) The request was dated May 5, 2009 and served upon Attorney Helbig by first class mail. (*See id.*)

Defendants did not file a dispositive motion on or before the deadline of May 26, 2009. Accordingly, the court issued an order affording Defendants until June 30, 2009 to file a dispositive motion and supporting brief. (Doc. 34.) The order also directed that the case be listed on the next available trial list following that June 30, 2009 deadline should no dispositive motion be filed. (*Id.*)

Prior to the June 30, 2009 dispositive motion deadline, Cidone filed a motion for an order compelling discovery and another request for production of documents. (Docs. 35 & 36.) Purportedly Defendants have failed to respond to Cidone's previous requests for discovery, and thus, Cidone now seeks a court order directing the production of documents previously requested. In fact, there is no indication that Defendants have responded to any discovery requests made by Cidone.

Nearly two weeks after the latest deadline for the filing of dispositive motions, Defendants filed a motion for summary judgment, brief in support, and statement of material facts. (Docs. 37-39.) In the motion, Defendants seek dismissal of Cidone's complaint on the basis that he failed to exhaust his

administrative remedies related to his claims prior to filing this action. In their statement of material facts in support of the motion for summary judgment, set forth here in its entirety, Defendants state:

> 1. This is a *pro se* action brought by the Plaintiff, Pierre Cidone, an inmate at the Lackawanna County Correctional Facility.
>
> 2. The Plaintiff's Complaint appears to allege excessive force upon him by Defendants, Blume and Sedlack, and possibly a claim of improper medical care by the other Defendants.
>
> 3. The date of any alleged incidents is not set forth in the Plaintiff's Complaint, nor are there any other details surrounding the alleged incident/incidents.
>
> 4. There are no allegations and no supporting documents/records submitted by the Plaintiff to verify that he fully exhausted available administrative remedies before filing this action.

(Doc. 39.) Defendants have submitted no evidence in support of their affirmative defense that Cidone failed to exhaust his administrative remedies prior to filing the instant action. Cidone has not filed a counter-statement of material facts. In his brief in opposition to the motion for summary judgment, Cidone does not dispute that he failed to exhaust his administrative remedies, rather he simply restates his allegations. (Doc. 43.)

6

## II. Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id*. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.*

(internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III. Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[2] A prerequisite for a viable

---

[2] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d.

civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Pursuant to the PLRA, before a prisoner may bring a civil rights action pursuant to § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. *Id*. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). Further, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir.

---

128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

2000). The Supreme Court has clearly stated that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212 (2007). Finally, the Third Circuit Court of Appeals has stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (not precedential).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. *Id*. Therefore, it must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The Pennsylvania Department of Corrections ("DOC") has an Inmate Grievance System which permits any inmate to seek review of problems that may arise during the course of confinement. 37 Pa. Code § 93.9(a); *see also* www.cor.state.pa.us, DOC Policies, Policy No. DC-ADM 804, Inmate Grievance System. After an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial

review. An inmate may then appeal an adverse decision of the Grievance Coordinator to the Superintendent of the institution, and can finally appeal to the Secretary of the DOC Office of Inmate Grievances and Appeals. *See Booth v. Churner*, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process).

In the instant complaint, Cidone asserts that Defendant Kazinetz "got my grievances, did not correct it." (Doc. 1 at 2.) In the motion for summary judgment, Defendants assert that Cidone failed to submit any evidence that he filed any grievance related to his claims in the complaint. (Doc. 38 at 4.) In addition, in their statement of material facts, Defendants state, "There are no allegations and no supporting documents/records *submitted by the Plaintiff* to verify that he fully exhausted available administrative remedies before filing this action." (Doc. 39 at 2) (emphasis added). Contrary to Defendants' assertion, Cidone need not submit supporting documentation as proof of exhaustion. The failure to exhaust available administrative remedies is an affirmative defense to be pleaded and proved by Defendants. *Brown*, 312 F.3d at 111. Defendants have not presented any affirmative evidence to show that Cidone failed to file any grievances related to his claims. Because Defendants have not carried their burden of proof to establish that Cidone failed to file any grievances related to the

11

incident alleged in his complaint, summary adjudication of this issue is not appropriate at this time.  Accordingly, Defendants' motion for summary judgment based on Cidone's alleged failure to exhaust his administrative remedies will be denied.

**IV.    Conclusion**

For the reasons set forth above, Defendants' motion for summary judgment based on Cidone's failure to exhaust administrative remedies related to his claims will be denied.  Further, Defendants will be directed to respond to Cidone's motion to compel discovery (Doc. 35) in a timely manner.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated:  November 9, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**PIERRE CIDONE,** :
:
    **Plaintiff** : CIVIL NO. 1:CV-07-01889
:
    v. : **(Judge Rambo)**
:
**C.O. BLUME,** *et al.,* :
:
    **Defendants** :

# O R D E R

**AND NOW**, this 9th day of November, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion for summary judgment (Doc. 37) is **DENIED**.

2) Defendants are directed to file a response to Plaintiff's motion to compel discovery (Doc. 35) on or before November 25, 2009.

3) Failure to comply will result in sanctions.

                                                s/Sylvia H. Rambo
                                              United States District Judge